## THOMAS P. WILSON *v.* ALFRED COOK.

The general rule, that this court will not reverse the judgment of a justice's court, where the evidence is conflicting and witnesses contradict each other—although the preponderance of the testimony, as it appears in writing, is against the finding—will be still more strictly applied where the judgment is in the defendant's favor in an action for the detention of personal property, and circumstances warrant the suspicion that the plaintiff's main witness had made a sham sale of the property, for the mere purpose of testifying himself to aid in its recovery.

Where A. lends property to B., and afterwards sells it to C., who thereupon sells it to D., the property being still in the lawful possession of B.; D. cannot maintain an action against B. for an unlawful detention, without proving a demand by himself or by a person authorized to act for him, nor without notice to B. that D. has acquired the title.

APPEAL by the plaintiff from a judgment against him, in the Fifth District Court, in an action for the detention of personal property. The case is stated in the opinion.

*James McGay*, for the plaintiff.

*Wm. W. Niles* and *S. V. Bagley*, for the defendant.

BY THE COURT. WOODRUFF, J.—The question whether a claim to damages for an injury to personal property can be assigned was discussed in *Freeman* v. *Newton*, at this present term, (a) and we held such a claim to be assignable. But that question does not arise here. This was an action for detaining personal property. And the import of the evidence is this: That one Brown lent to the defendant certain tables, etc., and afterwards sold the tables, etc., to one Peters, who afterwards sold the same to the plaintiff, the property being still in the lawful possession of the defendant. These facts are assumed as favorably to the plaintiff as can be claimed. Under these circumstances, I apprehend the plaintiff cannot maintain an action for an unlawful detention without proof of a demand of the property by himself or by some person having authority to

(a) See ante, p. 246.

act for him, and on notice to the defendant that the plaintiff has acquired the title. (*Hall* v. *Robinson*, 2 Coms. 293.)

On the subject of demand, Brown, whose position before the court in regard to credit, under the circumstances proved, can hardly be deemed better than that of the defendant, testifies to a loan of all the articles, and that he demanded them again on behalf of the plaintiff. The defendant being admitted to testify, denies that he borrowed a portion of the articles, or rather says that he purchased them, and as to the others (the tables), he denies that Brown ever demanded them.

The persons testifying were in person before the court below, and the justice had a better opportunity than we can have of judging of their credibility. Under such a state of the proofs, we cannot say that his finding for the defendant is so against the weight of the evidence that we should reverse the judgment upon that ground.

And again, we think that the whole testimony in the cause went very strongly to show that the plaintiff has no interest in the matter, and that the whole of the arrangement by the execution of papers purporting to assign the property was a mere sham, having in view the single object of enabling Brown to testify in his own behalf.

The judgment should be affirmed with costs.

Judgment affirmed with costs.